**UNITED STATES of America,**
**Appellee,**

v.

**Juan Carlos SERRANO, also known as Carlos, also known as Carlitos, Defendant–Appellant.**

**No. 07–2390–cr.**

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

Laurie S. Hershey, Manhasset, NY, for Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York, Anjan Sahni and Celeste L. Koeleveld, Assistant United States Attorneys, New York, NY, for Appellee.

Present: JOSEPH M. McLAUGHLIN, PIERRE N. LEVAL and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Juan Carlos Serrano appeals from a judgment of the United States District Court for the Southern District of New York sentencing him principally to 135 months imprisonment. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues.

■ The district court enhanced Serrano's offense level by four points pursuant to U.S.S.G. § 3B1.1(a) after finding that the government had established that he was a leader or organizer in a criminal activity that involved five or more participants. Serrano does not argue that his criminal activity involved fewer than five participants but does contend that the district court committed clear error in finding that he was a leader or organizer. In order to qualify as a leader or organizer, a participant in a criminal activity need only lead or organize one other participant. See U.S.S.G. § 3B1.1(a), cmt. n. 2. The evidence in this case amply supports the court's finding that Serrano organized and led the activities of his brother, Wilmer Serrano. Transcripts of taped telephone conversations between the two show that Serrano gave his brother instructions on how to handle various issues including the failure of a supplier to deliver the amount of cocaine ordered and the amount of money Wilmer could keep from a transaction. Further, Serrano's supplier testified that Serrano once told him that his brother would be in charge while he was out of town, thus suggesting that Serrano had authority over his brother. The government also offered transcripts of conversations Serrano had with other individuals, and these transcripts tend to verify Serrano's leadership role with respect to his brother. Finally, other transcripts suggest that Serrano gave instructions to another participant, Raul Martinez.

■ Other than with respect to the leadership enhancement, Serrano does not argue that his sentence is procedurally unreasonable. We review for abuse of dis-

cretion the substantive reasonability of the sentence imposed, which was thirty-three months below the low point of the advisory Guidelines range. *See Gall v. United States,* —— U.S. ——, ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We find no abuse of discretion. The district court carefully weighed all of the factors applicable to imposing a sentence and its balancing of those factors is entitled to "due deference." *Id.*

We therefore affirm the judgment of the district court.